IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ELLEN LINDSEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:24-CV-14-DII |
| | § | |
| DIRECT COUNSELING SERVICES, LLC and DANIELLE HAYES, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiff Ellen Lindsey's ("Lindsey") Motion to Remand. (Dkt. 7). Defendants Direct Counseling Services, LLC ("DCS") and Danielle Hayes ("Hayes") (collectively, "Defendants") filed a response in opposition, (Dkt. 13), and Lindsey filed a reply, (Dkt. 16). After considering the parties' arguments and the relevant law, the Court agrees with Lindsey that remand is proper.

**I. BACKGROUND**

Lindsey filed this action in the 216th Judicial District Court of Travis County, Texas on November 1, 2023. (Orig. Pet., Dkt. 1-1, at 7–15). Lindsey, a Texas citizen, alleges that she and Hayes, a Texas citizen, were co-founders of Therapy Austin PLLC ("Therapy Austin"), which they ran for over a decade. (Mot. Remand, Dkt. 7, at 2). Lindsey and Hayes entered into an Asset Purchase Agreement with DCS, an Ohio LLC, to sell Therapy Austin on November 18, 2022. (*Id.* at 3). Around this time, Lindsey and Hayes were hired as Vice Presidents of DCS; Lindsey entered into an employment contract with DCS on October 28, 2022. (*Id.*). In mid-September 2023, Hayes had several meetings with DCS's parent company's employee, Anushree Vora ("Vora"). (*Id.*). On

October 4, 2023, DCS sent Lindsey a letter immediately terminating her employment. (*Id.*). Hayes continues to be employed at DCS. (*Id.*).

In her petition, Lindsey brings one claim for tortious interference with contract against Hayes and four claims against DCS: (1) breach of contract, (2) attorney fees, (3) declaratory judgment, and (4) accounting. (Orig. Pet., Dkt. 1-1, at 9–13). Defendants were served on December 7, 2023 and filed an answer in state court on December 29, 2023. (Notice of Removal, Dkt. 1, at 1). Defendants timely removed this case on January 5, 2024 on the basis of diversity of citizenship, alleging that Hayes, an in-state Defendant, was improperly joined. (*Id.* at 2).[1] On February 2, 2024, Lindsey filed the instant Motion to Remand. (Dkt. 7). Defendants filed a response in opposition, (Dkt. 13), and Lindsey filed a reply, (Dkt. 16).

## II. LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). The removal statute is "strictly construed, and any doubt about the propriety of removal must be resolved in favor of

[1] A defendant must file a notice of removal "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading," or, "if the case stated by the initial pleading is not removable, . . . within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The thirty-day period for removal begins "only upon service of a summons or other authority asserting measure stating the time within which the party served must appear and defend." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 345 (1999).

remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). Contested issues of fact and ambiguities of law are resolved in favor of remand. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F. 3d 242, 249 (5th Cir. 2011). The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Where jurisdiction exists, the court has a "virtually unflagging obligation" to exercise it. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). However, the court must remand a case to state court if it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). When a properly joined defendant is a resident of the same state as the plaintiff, removal is improper. 28 U.S.C. § 1441(b)(2). However, "the improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). To establish improper joinder, the removing party has the "heavy" burden, *id.*, to demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

Under the second prong of the improper joinder doctrine,[2] a defendant must establish "that there is no possibility of recovery by the plaintiff against an in-state defendant," which, stated differently, means "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. A court evaluates the reasonable basis of recovery under state law by "conduct[ing] a Rule 12(b)(6)-type analysis" or "pierc[ing] the pleadings and conduct[ing] a summary inquiry." *Id.*; *see also Int'l Energy Ventures Mgmt.,*

[2] Only the doctrine's second prong is before the Court here. (Not. Removal, Dkt. 1, at 3–7).

*L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016) (stating that a court may use either analysis, but it must use one and only one).[3]

In conducting a 12(b)(6)-type analysis, federal pleading standards apply. *Int'l Energy Ventures*, 818 F.3d at 207. Accordingly, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The statements in the complaint must be sufficiently detailed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.*

## III. DISCUSSION

The parties agree that Lindsey and Hayes are both Texas residents. (Not. Removal, Dkt. 1, at 2–3; Mot. Remand, Dkt. 7, at 1). This Court therefore lacks subject matter jurisdiction unless Defendants can meet their heavy burden to establish that Hayes was improperly joined. Defendants argue that "there is no reasonable basis for the district court to predict that Lindsey could obtain relief for tortious interference in state court" with regard to either the Asset Purchase Agreement or Lindsey's employment contract. (Resp., Dkt. 13, at 1–2). For the reasons that follow, the Court finds that the original petition was not removable on diversity jurisdiction grounds on the basis of Lindsey's claim for tortious interference with the Asset Purchase Agreement. *See* 28 U.S.C. §§ 1332(a), 1441.

[3] The parties dispute which analysis applies. (Resp., Dkt. 13, at 2–4; Reply, Dkt. 16, at 2–3). Because the Court finds that a 12(b)(6) analysis suffices, it will proceed accordingly.

To state a claim for tortious interference, Lindsey must establish four elements: "(1) the existence of a contract subject to interference, (2) a willful and intentional act of interference, (3) such act was a proximate cause of damage, and (4) actual damage or loss occurred." *Fluorine on Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 864 (5th Cir. 2004) (applying Texas law); *see also McGehee v. Hagan*, 367 S.W.3d 848, 854 (Tex. App. – Houston [14th Dist.] 2012, pet. denied) (citing *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000)). Defendants argue that Lindsey cannot establish that Hayes interfered with either contract at issue; accordingly, the Court will focus on this element.

First, Defendants argue that Hayes is a party to the Asset Purchase Agreement and therefore cannot have tortiously interfered with it. (Resp., Dkt. 13, at 5–6). In response, Lindsey argues that "the stranger-to-the-contract requirement" is "based on unity of interests," not whether "one signatory party cannot interfere with another." (Reply, Dkt. 16, at 3–5). The Court agrees with Lindsey. "To be legally capable of tortious interference, the defendant must be a stranger to the contract with which he allegedly interfered." *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 690 (Tex. 2017). This means that "a contracting party's agent or employee acting in the party's interests cannot interfere with the party's contract," not necessarily that one party to a contract cannot interfere with another party. *Morgan Stanley & Co. v. Tex. Oil Co.*, 958 S.W.2d 178, 179 (Tex. 1997). Here, Defendants have not shown that Hayes was Lindsey's agent or employee acting in her interests when they signed the Asset Purchase Agreement, nor have they provided clear case law that separate parties on the same side of a contract cannot interfere with each other. This ambiguity arises in the context of a motion to remand, and so it must be resolved in favor of remand, because "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013); *see also Richard v. Geovera Specialty*

*Ins. Co.*, No. 4:16-CV-2496, 2016 WL 6525438, at *5 (S.D. Tex. Nov. 3, 2016) (reaching the same conclusion); *Mehar Holdings, LLC v. Evanston Ins. Co.*, No. 5:16-CV-491-DAE, 2016 WL 5957681, at *4 (W.D. Tex. Oct. 14, 2016) (same). Accordingly, even though Lindsey and Hayes were both parties on the same side of the Asset Purchase Agreement, Lindsey has plausibly pled that Hayes interfered with the Asset Purchase Agreement.

Second, Defendants argue that Hayes is an agent of DCS and therefore cannot have tortiously interfered with Lindsey's employment contract. (Resp., Dkt. 13, at 6–9). In response, Lindsey argues that "Defendants have not adduced any evidence that Hayes was acting for the benefit of DCS when working to terminate Plaintiff's employment contract." (Reply, Dkt. 16, at 5). To recover for tortious interference against an agent of a contracting party, "a plaintiff must prove that the agent willfully or intentionally acted to advance the agent's own interests at the principal's expense." *Prudential Ins. Co. of Am.*, 29 S.W.3d at 79. Lindsey has pled that Hayes acted "in cooperation with" DCS. (Orig. Pet., Dkt. 1-1, at 13). Thus, the Court finds unpersuasive Lindsey's argument that Hayes was not acting for the benefit of DCS. Jurisdiction is determined based on the claims in the state court petition as they existed "at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Accordingly, the Court finds that Lindsey has not plausibly pled that Hayes's actions were at the expense of DCS when she allegedly interfered with Lindsey's employment contract with DCS. *See Cmty. Health Sys.*, 525 S.W.3d at 691 (explaining that an agent-defendant may, under very limited circumstances, be motivated solely by personal interests). Because Lindsey's original petition contains allegations that Hayes acted in concert with DCS, the Court finds Lindsey's argument regarding tortious interference with her employment contract to be unavailing.

Since Lindsey has pled at least one reasonable basis to recover against Hayes, Hayes is properly joined to this action. The parties therefore lack complete diversity, and the Court lacks subject matter jurisdiction. The Court must therefore remand this action to state court.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Lindsey's Motion to Remand, (Dkt. 7), is **GRANTED**. This case is **REMANDED** back to the 216th Judicial District Court of Travis County, Texas. The Clerk of the Court is directed to **CLOSE** this action.

**SIGNED** on April 25, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE